IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE MERCADO REYES,

     Plaintiff,                    No. CIV S-07-1269 LEW JFM P

     vs.

WARDEN KUMA J. DEBOO, et al.,

     Defendants.

_____/    ORDER

         Plaintiff is a federal prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

         Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $3.40 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff names Warden Kuma J. Deboo as a defendant, claiming he "was the warden on watch on July 26, 2006, at 4:20 p.m. when [plaintiff] fell [due] to conditions under which [plaintiff] worked were injurious, and the equipment and clothing provided were inadequate for the conditions under which [plaintiff] was compelled to work." (Complt. at 3.) There are no other charging allegations against defendant Deboo.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel

/////

in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's allegations as to defendant Deboo are founded solely on a theory of respondeat superior.  Accordingly, the court will not order service of process on defendant Deboo.

However, the complaint states a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) against the remaining defendants.  If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $3.40.  All fees shall be collected and paid in accordance with this court's order to the Director or Warden of the Herlong Correctional Institution filed concurrently herewith.

3. Service is appropriate for the following defendants: Food Administrator Mr. Babel, Mr. Salinas, Mr. A. Blossen, and Dr. A. Aslam.

4. The Clerk of the Court shall send plaintiff four USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed June 27, 2007.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 3 above; and

    d. Five copies of the endorsed complaint filed June 27, 2007.

1        6. Plaintiff need not attempt service on defendants and need not request waiver of
2  service. Upon receipt of the above-described documents, the court will direct the United States
3  Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4
4  without payment of costs.
5  DATED: July 3, 2007.

                              UNITED STATES MAGISTRATE JUDGE

/001; reye1269.1

```
 1
 2
 3
 4
 5
 6
 7
 8                    IN THE UNITED STATES DISTRICT COURT
 9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10  JOSE MERCADO REYES,
11           Plaintiff,                    No. CIV S-07-1269 LEW JFM P
12      vs.
13  WARDEN KUMA J. DEBOO, et al.,          NOTICE OF SUBMISSION
14           Defendants.                   OF DOCUMENTS
15  _____/
16           Plaintiff hereby submits the following documents in compliance with the court's
17  order filed _____:
18           _____       completed summons form
19           _____       completed USM-285 forms
20           _____       copies of the _____
                                         Complaint
21  DATED:
22
23                                              _____
                                                Plaintiff
24
25
26
```