IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE MERCADO REYES,

    Plaintiff,              No. CIV S-07-1269 LEW JFM P

    vs.

WARDEN KUMA J. DEBOO, et al.,

    Defendants.         FINDINGS & RECOMMENDATIONS

_____/

Plaintiff is a federal prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

Defendants filed a motion to dismiss for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), based on plaintiff's alleged failure to exhaust his administrative remedies prior to filing in federal court or, in the alternative, based on plaintiff's failure to plead personal involvement of Warden Deboo, Mr. Bevill, Mr. Blosser or Mr. Salinas. Defendants also included a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

"Section 1997e(a) of Title 42 of the United States Code provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

1

1  This exhaustion requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001)."
2  McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see also Porter v. Nussle, 534 U.S.
3  516, 524 (2002).  The grievance process must be completed before the inmate files suit;
4  exhaustion during the pendency of the litigation will not save an action from dismissal.
5  McKinney, 311 F.3d at 1199.  Because proper exhaustion is necessary, a prisoner cannot satisfy
6  the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective
7  administrative grievance or appeal.  Woodford v. Ngo, __ U.S. __, 126 S. Ct. 2378, 2382 (2006).

> The BOP[1] maintains a process for inmates to obtain assistance regarding concerns they have about conditions of confinement, including staff, medical care, prison life, and prison policies and procedures such as those complained of in Plaintiff's Amended Complaint. The BOP Administrative Remedy Program, 28 C.F.R. 542.10 et seq., governed by PS 1330.13, includes four levels of review.  See http//www.bop.gov. At each of the first three levels, if the inmate is not satisfied with the outcome or does not receive a response to his inquiry within set time frames, he can appeal to the next level and ultimately to the fourth level: the General Counsel. The General Counsel's review constitutes exhaustion of the grievance procedure. 28 C.F.R. 542.13, 542.15; PS 1330.13, CN 4 (8/13/2002), §§ 7, 8(c)(4), 9(a).

15  Campbell v. Chaves, 402 F.Supp.2d 1101, 1105 (D.Ariz. 2005).
16        In plaintiff's June 27, 2007 verified complaint, plaintiff admitted there is a
17  grievance procedure available at his institution, stated he had filed a grievance concerning the
18  facts of the instant complaint, and stated the grievance process was complete.  (Id. at 4.)  Despite
19  these statements made under penalty of perjury, plaintiff now claims he was not informed of the
20  grievance procedure or how he was to file a grievance. (Opp'n at 2.)  Plaintiff also argues that
21  the April 26, 2007 letter from the Department of Justice Bureau of Prisons advised plaintiff that
22  he had six months to file suit in federal court, with no mention that plaintiff must first exhaust his
23  administrative remedies.  (Opp'n at 3 & 7.)
24  /////
25
26        [1] BOP is an acronym for "Bureau of Prisons."

1   Defendants, however, have presented evidence that plaintiff has received
2 instruction on the Administrative Remedy Program on at least two occasions.  (Reply at 3.)  On
3 July 20, 2005, plaintiff received inmates' mandatory Admission and Orientation ("A&O")
4 training at FCI Tucson.  (Reply, Ex. 5, Howard-Mumford Decl., ¶¶ 3 & 4)  Plaintiff was
5 instructed about the Administrative Remedy process during that training.  (Id. at ¶ 3.)  On July
6 20, 2005, plaintiff signed the Institution Admission and Orientation Program Checklist
7 acknowledging that he received Administrative Remedy Program training.  (Reply, Ex. 5.1, line
8 22.)  On May 18, 2006, when plaintiff arrived at FCI Herlong, plaintiff received A&O training
9 that included Administrative Remedy Program instruction.  (Reply, Ex. 5, ¶ 5; Checklist, Ex. 5.2)
10   Defendants also provided a copy of the Program Statement 1330.13,
11 "Administrative Remedy Program."  (Reply, Ex. 6.)  This program statement, available in the
12 prison law library (Defts.' Reply at 4), describes the four step administrative exhaustion process.
13 (Defts.' Reply, Ex. 6 at 4-13.)  In addition, as defendants point out, plaintiff appended to his
14 opposition the first page of FCI Herlong's inmate handbook which informs plaintiff that the
15 Program Statement is located in the inmate law library.  (Opp'n at 5.)  Because plaintiff was
16 informed concerning the administrative remedy process, his claims of ignorance are not well-
17 taken.  See e.g., Boyd v. Corr. Corp. of Am., 380 F.3d 989, 999 (6th Cir. 2004)(prisoner's claim
18 properly dismissed where prisoner received handbook outlining prison grievance procedures).[2]
19   In addition, plaintiff's argument that he was misled by the Department of Justice
20 Bureau of Prisons letter advising him he had six months to file suit in federal court is also
21 unavailing.  Plaintiff had pursued a tort claim under the Federal Torts Claim Act.  See 28 C.F.R.
22 § 542.10(c).  Once plaintiff completed the FTCA administrative claim process, his next step was
23 to sue in the United States District Court as the April 26, 2007 letter informed him.  However,

---

[2] But see Goebert v. Lee County, 2007 WL 4458122 (11th Cir. 2007)(where prison officials failed to inform prisoner of grievance process and did not make available a copy of the General Operating Procedures outlining the grievance process, administrative remedy process was not available within the meaning of the PLRA and exhaustion was not required).

3

plaintiff did not bring an FTCA action here; rather, he chose to file the instant Bivens[3] action against the individually named defendants instead.  Such a civil rights action requires prior exhaustion of administrative remedies as described above.

      Moreover, because plaintiff's injuries were sustained while he was employed at the federal prison, plaintiff's exclusive remedy is the Inmate Accident Claims (IAC) system.  The Supreme Court has held that the remedy available under the IAC is an exclusive remedy against the United States and bars any remedy under the FTCA, regardless of allegations of negligence.  United States v. Demko, 385 U.S. 149 (1966).  This bar includes any FTCA claims for exacerbation of the injury by medical malpractice or other negligence.  Vander v. Untied States Dept. of Justice, 268 F.3d 661, 664 (9th Cir. 2001)("When a prisoner is injured on the job, he cannot bring an action against the United States under the FTCA for that injury or for negligence by United States agents regarding the treatment of that injury.")

      Here, plaintiff specifically alleges he was injured while working in the prison bakery.  See also Salinas Decl. at 2 (Docket No. 15-4).  Moreover, plaintiff has already received IAC benefits, consisting of payment for 958 hours of missed work.  Salinas Decl. at 3 (Docket No. 15-4).

      By the allegations of his pleading, plaintiff admits that he did not exhaust all available administrative remedies prior to bringing this action.  Accordingly, the undersigned will recommend that this action be dismissed without prejudice for failure to exhaust administrative remedies.  Because the motion to dismiss should be granted, the court will not address the alternative grounds supporting defendants' motion for summary judgment.

      IT IS HEREBY RECOMMENDED that defendants' November 13, 2007 motion to dismiss be granted without prejudice.

/////

---

[3] Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

1   These findings and recommendations are submitted to the United States District
2   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3   days after being served with these findings and recommendations, any party may file written
4   objections with the court and serve a copy on all parties.  Such a document should be captioned
5   "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that
6   failure to file objections within the specified time may waive the right to appeal the District
7   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
8   DATED: April 1, 2008.

UNITED STATES MAGISTRATE JUDGE

/001;reye1269.msj